# United States District Court

WESTERN **DISTRICT OF** VIRGINIA

UNITED STATES OF AMERICA

V.

JOSE PIEDRAHIDTA

## WARRANT FOR ARREST

CASE NUMBER: 97-54-R

To: The United States Marshal
and any Authorized United States Officer

**SEALED**

YOU ARE HEREBY COMMANDED to arrest   JOSE PIEDRAHIDTA
                                     Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

[X] Indictment  [ ] Information  [ ] Complaint  [ ] Order of Court  [ ] Violation Notice  [ ] Probation Violation Petition

charging him or her with   (brief description of offense)

Money Laundering Conspiracy

**COPY DO NOT EXECUTE**

in violation of Title __18__ United States Code, Section(s) __1956(h)__

| | |
|---|---|
| Honorable James C. Turk | United States District Judge |
| Name of Issuing Officer | Title of Issuing Officer |
| /s/ A. Helms, Deputy Clerk | May 21, 1997   Roanoke, Virginia |
| Signature of Issuing Officer | Date and Location |

Bail fixed at $ _____ by _____
                                              Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

FILED BY YR D.C.
Oct 15, 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
AT ROANOKE
MAY, 1997, SESSION

CLERK'S OFFICE U.S. DIST. CT.
AT ROANOKE, VA
FILED
MAY 20 1997
MORGAN E. SCOTT, JR., Clerk
By: P. Allens
     Deputy Clerk

~~SEALED~~

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 97-54-R |
| | : |
| MIGUEL RODRIGUEZ-OREJUELA | : |
| JOSE PIEDRAHITA | : S E A L E D |
| "IVAN" LNU | : |
| OSWALDO ENCISO | : |
| "JUANCHO" LNU | : |

## COUNT ONE

The Grand Jury charges:

A.  That beginning in or about January 1990, and continuing through and until the return of this Indictment, within the Western Judicial District of Virginia and elsewhere, the defendants,

MIGUEL RODRIGUEZ-OREJUELA
JOSE PIEDRAHITA
"IVAN" LNU
OSWALDO ENCISO
and
"JUANCHO" LNU,

unlawfully and knowingly combined, conspired, confederated, and agreed with each other, and with other persons known and unknown to the Grand Jury, to commit certain offenses against the United States, to-wit:

1. Knowing that the property involved in the financial transactions represented the proceeds from some form of unlawful activity, attempted to conduct and conducted financial transactions

1

affecting interstate commerce, which transactions involved the proceeds from the distribution of cocaine, a violation of Title 21, United States Code, Section 841, a specified unlawful activity, (1) with the intent to promote the carrying on of this specified unlawful activity, and (2) knowing the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and to avoid transaction reporting requirements under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(A) and (B);

2. Knowingly transported, transmitted and transferred and attempted to transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States with the intent to promote the distribution of cocaine, a violation of Title 21, United States Code, Section 841, a specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A);

3. Knowing that the monetary instruments and funds represented the proceeds of the distribution of cocaine, a violation of Title 21, United States Code, Section 841, a specified unlawful activity, attempted to transport, transmit, and transfer and transported, transmitted, and transferred monetary instruments and funds from a place in the United States to and through a place outside the United States knowing that the transportation, transmissions and transfers were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity and to avoid transaction reporting requirements under and State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B); and

4. Knowingly engaged and attempted to engage in monetary transactions in property derived from a specified unlawful activity that was of a value greater than $10,000, in violation of Title 18, United States Code, Section 1957.

## Objects of the Conspiracy

B. It was one of the objects of this conspiracy that the defendants and their co-conspirators would import cocaine from Colombia, S.A., and distribute it in the United States. As a result, the defendants and their co-conspirators would accumulate large sums of U.S. currency in the United States.

C. It was also one of the objects of this conspiracy that the defendants and their co-conspirators would make arrangements for their drug trafficking proceeds to be delivered to money launderers in the United States who had the ability to return these funds through U.S. banks to bank accounts in Colombia, S.A.

D. It was also one of the objects of this conspiracy that the defendants and their co-conspirators would require that their drug trafficking proceeds be converted from U.S. dollars to Colombian pesos prior to being returned to the defendants and their co-conspirators in Colombia, S.A.

E. It was also one of the objects of this conspiracy that the defendants and their co-conspirators would require that both U.S. and Colombian currency reporting requirements be avoided in connection with transactions involving their drug trafficking proceeds.

F. It was also one of the objects of this conspiracy that the defendants and their co-conspirators would require that the source, ownership and control of their drug trafficking proceeds be disguised and concealed.

## Manner and Means of the Conspiracy

G. It was part of this conspiracy that the defendants and their co-conspirators would telephonically contact Leonardo Francisco Rivera-Ruiz, a/k/a "Raul Ramirez", and Javier Cruz-Mena, a/k/a "Luis Florez", (hereinafter referred to as the cooperating witnesses) and arrange money

laundering transactions. The defendants and their co-conspirators believed that the cooperating witnesses were money launderers who had the ability to receive large sums of U.S. currency in the United States and to move these funds from the United States to Colombia, S.A., where the U.S. currency would be converted into Colombian pesos and returned to the defendants and their co-conspirators. The defendants and their co-conspirators were informed that the cooperating witnesses conducted their money laundering activities from Salem, Virginia.

H. It was part of this conspiracy that the defendants and their co-conspirators and the cooperating witnesses would exchange pager numbers and numerical codes. The codes were used to mutually verify the identity of those participating in each money laundering transaction.

I. It was part of this conspiracy that the defendants and their co-conspirators would page the cooperating witnesses, who were located in Roanoke and Salem, Virginia, and arrange, using the agreed upon codes, to deliver U.S. currency to the cooperating witnesses in Houston, Texas.

J. It was part of this conspiracy that the defendants and their co-conspirators would deliver large sums of U.S. currency to the cooperating witnesses in Houston, Texas.

K. It was part of this conspiracy that the defendants and their co-conspirators would require the cooperating witnesses to deposit and wire transfer the U.S. currency to Colombian bank accounts, where the U.S. dollars would be converted to Colombian pesos.

L. It was part of this conspiracy that the defendants and their co-conspirators would use the Colombian bank accounts to obtain checks made payable to fictitious individuals whose names were provided by the RODRIGUEZ-OREJUELA organization, and hand deliver these checks to the RODRIGUEZ-OREJUELA organization in Cali, Colombia.

M. It was part of this conspiracy that the following individuals were members of the conspiracy and played the roles described below:

1. MIGUEL RODRIGUEZ-OREJUELA, who resides in Colombia, S.A., is the leader of a drug trafficking organization that imported and distributed multiple-ton quantities of cocaine in the United States. He also directed money laundering activities related to the distribution of cocaine and the return of drug trafficking proceeds to Colombia, S.A.

2. JOSE PIEDRAHITA, who resides in Colombia, S.A., acted as the RODRIGUEZ-OREJUELA organization's "secretary". His role in the conspiracy was to coordinate the RODRIGUEZ-OREJUELA organization's money laundering activities. PIEDRAHITA arranged for U.S. currency to be delivered to money launderers in the United States and provided the pager numbers and codes that were used to complete the money laundering transactions. PIEDRAHITA also provided the names of the fictitious individuals that were used to write the checks that were issued to complete the money laundering transactions.

3. OSWALDO ENCISO, who resides in Colombia, S.A., acted as a money broker, whose role in the conspiracy was to help organize the delivery of U.S. currency in the United States and direct the return of these funds to bank accounts in Colombia that he controlled. ENCISO was responsible for converting the U.S. dollars to Colombian pesos and returning these funds to the RODRIGUEZ-OREJUELA organization in the form of checks made payable to fictitious individuals.

4. "IVAN" LNU, whose residence is unknown, acted as a representative of the RODRIGUEZ-OREJUELA organization. His role in the conspiracy was to arrange for large sums of U.S. currency to be delivered to money launderers in Houston, Texas. These deliveries were arranged using the codes provided by the RODRIGUEZ-OREJUELA organization.

5. "JUANCHO" LNU, whose residence is unknown, acted as a representative of the RODRIGUEZ-OREJUELA organization. His role in the conspiracy was to deliver large sums of

U.S. currency directly to money launderers in Houston, Texas. These deliveries were arranged using the codes provided by the RODRIGUEZ-OREJUELA organization.

## OVERT ACTS

1. On or about November 1992, Javier Cruz-Mena, a cooperating witness, was introduced to JOSE PIEDRAHIDTA in Cali, Colombia. Jose PIEDRAHITA was identified to Cruz-Mena as an associate of MIGUEL RODRIGUEZ-ORJUELLA of Cali, Colombia.

2. On or about November 15, 1992, Jose PIEDRAHITA introduced Javier Cruz-Mena, a cooperating witness, to MIGUEL RODRIGUEZ-ORJUELLA at JOSE PIEDRAHITA's residence in Cali, Colombia. RODRIGUEZ-ORJUELLA and PIEDRAHITA asked Cruz-Mena to explain his money laundering operation.

3. In or about and between November 16-30, 1992, Javier Cruz-Mena, a cooperating witness, met with JOSE PIEDRAHITA at PIEDRAHITA's office in Cali, Colombia. PIEDRAHITA and Cruz-Mena discussed money laundering at these meetings. During these meetings, JOSE PIEDRAHITA introduced Cruz-Mena to "IVAN" LNU, who was identified as PIEDRAHITA's assistant.

4. On or about November 30, 1992, Javier Cruz-Mena, a cooperating witness, attended a party at JOSE PIEDRAHITA's residence in Cali, Colombia. MIGUEL RODRIGUEZ-ORJUELLA was also present and Cruz-Mena, JOSE PIEDRAHITA and MIGUEL RODRIGUEZ-ORJUELLA discussed Cruz-Mena's money laundering operation. MIGUEL RODRIGUEZ-ORJUELLA advised Cruz-Mena that JOSE PIEDRAHITA would be Cruz-Mena's contact for the RODRIGUEZ-ORJUELLA organization.

5. On or about December 2, 1992, JOSE PIEDRAHITA called Javier Cruz-Mena, a cooperating witness, and advised that he had been authorized to arrange delivery of $500,000 to

Cruz-Mena in Houston, Texas. JOSE PIEDRAHITA advised that if this transaction was successful, the RODRIGUEZ-ORJUELLA organization would deliver additional U.S. currency to Cruz-Mena. These deliveries would be made in Houston, Texas, New York City, and other cities in the United States.

6. On or about December 3, 1992, "IVAN" LNU met with Javier Cruz-Mena, a cooperating witness, in Cruz-Mena's office in Cali, Colombia. "IVAN" LNU and Cruz-Mena discussed a delivery to be made in Houston and "IVAN" LNU provided Cruz-Mena with a pager number and the code name "JUANCHO" for use in Houston, Texas.

7. On or about December 4, 1992, Leonardo Francisco Rivera-Ruiz, a/k/a "Raul Ramirez", a cooperating witness, using the pager number provided by "IVAN" LNU, made telephonic contact with an individual who identified himself as "JUANCHO" LNU. "JUANCHO" LNU informed Rivera-Ruiz that "JUANCHO" LNU wanted to deliver the "1/2 point" ($500,000) as soon as possible. Rivera-Ruiz advised that he would travel to Houston, Texas on December 7, 1992, and meet with "JUANCHO" LNU on Tuesday December 8, 1992.

8. On or about December 7, 1992, Leonardo Francisco Rivera-Ruiz, a/k/a "Raul Ramirez", a cooperatin witness, and "JUANCHO" LNU made arrangements by telephone, using the agreed upon code, for "JUANCHO" to deliver $500,000 to Rivera-Ruiz in Houston, Texas. Rivera-Ruiz advised "JUANCHO" LNU that Rivera-Ruiz was located in Virginia.

9. On December 8, 1992, Leonardo Francisco Rivera-Ruiz, a cooperating individual, met with "JUANCHO" LNU at a previously agreed upon restaurant in Houston, Texas. Rivera-Ruiz and "JUANCHO" LNU discussed how the delivery was to be made, and "JUANCHO" LNU asked Rivera-Ruiz to provide a rental car which "JUANCHO" LNU would take and return, leaving the U.S. currency in the vehicle. Rivera-Ruiz agreed to meet "JUANCHO" LNU at the same restaurant later

that day with a rental vehicle.

10. On December 8, 1992, "JUANCHO" LNU met with Leonardo Rivera-Ruiz, a cooperating witness, at the agreed upon restaurant and Rivera-Ruiz provided "JUANCHO" LNU with a rental vehicle. "JUANCHO" LNU left the restaurant and returned with the same vehicle containing approximately $290,070 in U.S. Currency. "JUANCHO" LNU left the vehicle in the parking lot of the restaurant, where it was recovered by Drug Enforcement Administration undercover agents.

11. On or about December 14, 1992, approximately $290,070, less commission, was wire transferred to a Colombian bank account using account information provided by OSWALDO ENCISO, who converted the U.S. dollars to Colombian pesos and deposited the Colombian pesos into nominee bank accounts from which checks were written to fictitious individuals whose names were provided by "IVAN" LNU. These checks were delivered to "IVAN" LNU in Cali, Colombia.

12. On or about December 15, 1992, JOSE PIEDRAHITA contacted Javier Cruz-Mena, a cooperating witness, and advised Cruz-Mena that the RODRIGUEZ-ORJUELLA organization was very pleased with the Houston transaction. PIEDRAHITA asked Cruz-Mena to arrange a $2,000,000 delivery in Houston, Texas. Cruz-Mena advised PIEDRAHITA that he could not complete this transaction.

All in violation of Title 18, United States Code, Section 1956(h).

A TRUE BILL this 20th May, 1997.

_____
GRAND JURY FOREPERSON

_____
UNITED STATES ATTORNEY

RETURN DATE: 5/30/97

## DEFENDANT PERSONAL DATA SHEET/PROCEDURES REQUEST
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

Division: Roanoke          (Motion/Order to transfer attached)

Judge: Wilson              Docket #: 97-54-P

SEALED: X    UNSEALED: ___    AUSA: Joe Mott

AGENT/AGENCY: Lincoln - DEA

INDICTMENT: X          INFORMATION: ___

SUPERSEDING INDICTMENT: ___    SUPERSEDING INFORMATION: ___

---

Defendant Name: Jose Piedrahidta
Address: _____

D.O.B. _____ SSN: _____ FBI #: _____

Defense Attorney: _____ Phone #: _____

Defendant Is In **Federal** Custody? (Y/N) __N__ IF YES: Clerk to set arraignment date - If "no" go to next block

Facility (incl. address): _____

---

SUMMONS W/BENCH WARRANT: (Y/N) ___ IF NO: SEE BELOW

BENCH WARRANT: (Y/N) __Y__  Issued 5/21/97 pw  BOND RECOMMENDATION: ___

SUMMONS (NO BOND) (Y/N): ___

FILE BENCH WARRANT AS DETAINER WITH: Facility (incl. address):

# OFFENSE INFORMATION
## (as to Jose Piedrahidta)

**Count** 1 :(Description) Money Laundering Conspiracy

**Code Section:** 18:1956(h)    **Felony/Misdemeanor:** Felony

**Maximum Sentence This Count:** 0-20 Years Imprisonment, $500,000 Fine

**Count** :(Description)

**Code Section:**    **Felony/Misdemeanor:**

**Maximum Sentence This Count:**

**Count** :(Description)

**Code Section:**    **Felony/Misdemeanor:**

**Maximum Sentence This Count:**

**Count** :(Description)

**Code Section:**    **Felony/Misdemeanor:**

**Maximum Sentence This Count:**

**Count** :(Description)

**Code Section:**    **Felony/Misdemeanor:**

**Maximum Sentence This Count:**

**Count** :(Description)

**Code Section:**    **Felony/Misdemeanor:**

**Maximum Sentence This Count:**

**CUMULATIVE TOTAL SENTENCE:** 20 Years Imprisonment, $500,000 Fine

2

**IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

```
CLERK'S OFFICE, U.S. DIST. CT.
       AT ROANOKE, VA
          FILED
       MAR 03 1998
MORGAN E. SCOTT, JR., Clerk
By: _____
         Deputy Clerk
```

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 97-00054-R |
| | : |
| MIGUEL RODRIGUEZ-OREJUELA | : |
| JOSE PIEDRAHITA | : |
| "IVAN" LNU | : |
| OSWALDO ENCISO | : |
| "JUANCHO" LNU | : |

## MOTION TO UNSEAL

Comes now the United States of America, by counsel, and moves this Court to enter an Order unsealing the Indictment in the above referenced case. In support of this Motion the United States avers the following:

1. A one count Indictment was returned against the above named individuals on May 20, 1997.

2. The defendants have been fugitives since the time of Indictment and no arrests are anticipated.

Wherefore, the United States respectfully requests the Indictment be unsealed.

Respectfully submitted,

ROBERT P. CROUCH, JR.
United States Attorney

_____
Bruce A. Pagel
Special Counsel, USDOJ

4



**IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**



UNITED STATES OF AMERICA

v.  :  Criminal No. 97-00054-R

MIGUEL RODRIGUEZ-OREJUELA
JOSE PIEDRAHITA
"IVAN" LNU
OSWALDO ENCISO
"JUANCHO" LNU

## ORDER

Upon motion of the United States Government, by counsel and for good cause shown, it is hereby

## ORDERED

that the sealed indictment previously filed be unsealed and open for inspection.

The Clerk of this Court shall certify a copy of this Order to the United States Attorney, P.O. Box 1709, Roanoke, Virginia 24008.

**ENTERED** This  6th  day of March, 1998.

_____
UNITED STATES DISTRICT JUDGE

5

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE, U.S. DIST. CT.
AT ROANOKE, VA
FILED
JUN 2 4 1997
MORGAN E. SCOTT, JR, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA :
:
v. : Criminal No. 97-54
:
MIGUEL RODRIGUEZ-OREJUELA :
JOSE PIEDRAHITA :
"IVAN" LNU :
OSWALDO ENCISO :
"JUANCHO" LNU :

SEALED

ORDER

Upon Notice from the United States, and for purposes of case management, it is hereby **ORDERED** and **ADJUDGED** that Criminal Case Number 97-54, United States v. Miguel Rodriguez-Orejuela be transferred from Chief Judge Samuel G. Wilson to United States District Judge James C. Turk for future proceedings.

**ENTERED** this 24th day of June, 1997.

_____
UNITED STATES DISTRICT JUDGE

3

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

```
CLERK'S OFFICE, U.S. DIST. CT.
       AT ROANOKE, VA
            FILED
         MAY 23 1997
MORGAN E. SCOTT, JR., Clerk
By: _____
           Deputy Clerk
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 97-54 |
| | : | |
| MIGUEL RODRIGUEZ-OREJUELA | : | INDICTMENT |
| JOSE PIEDRAHITA | : | |
| "IVAN" LNU | : | |
| OSWALDO ENCISO | : | **S E A L E D** |
| "JUANCHO" LNU | : | |

## NOTICE OF RELATED CASE

Comes now the United States of America, by counsel, and for purposes of case management gives notice that <u>United States v. Miguel Rodriguez-Orejuela, et. al.</u>, Crim. No. 97-54, is related to <u>United States v. Luis Hernando Gomez-Bustamante, et. al.</u>, Crim. No. 91-82, <u>United States v. Javier Baena-Velez, et. al.</u>, Crim. No. 97-21, and <u>United States v. Carlos Alberto Renteria-Mantilla, et. al.</u>, Crim. No. 97-30. They are related cases in that they involve common issues of fact and law and will involve many of the same witnesses at trial.

Respectfully submitted,

ROBERT P. CROUCH, JR.
United States Attorney

_____
Joseph W. H. Mott
Assistant United States Attorney
Virginia Bar No. 21852

2